O’Neall, .1.,
dissenting, said, that believing the decision in this case was subversive of a long course of practice in this State, and was calculated to involve the Court in many difficulties, he hoped that stating his views in his own way might not be considered either as the result of too much self-confidence or the want of proper respect for other members of the Court. He said that he had been for forty years concerned as a lawyer, and a judge in the administration of Law, and if with twice the term of experience prescribed by Sir John Fortescue, he was still unable to see this case in the clear light in which the ma-majority think they see it, it must be ascribed to either his lack of knowledge, or to an opinion founded on a long settled practice. *430 Said he, I think, however, the whole error of the decision is in the confusion produced by general terms. I admit that trespass to try title will lie, by one co-tenant against his fellow, when there has been an actual ouster. But can he sue his co-tenant for the whole close ? 1 conceive not. He must sue for the undivided share or shares to which he is entitled. Run-nington, 432, of his treatise of Ejectment, tells us, the plaintiff, as tenant in common, recovered possession of five-eighths of a cottage. The case itself, in 3 Wilson, 49, shews that the plaintiff claimed, as tenant in common, possession of five-eighths with the defendant who was entitled to the other three-eighths; and hence the recovery and execution. In Fitzherberl’s Natura Brevium, 91, he states : “If a man have a fold in common with two other men, and the one do disturb him to set up. his clays and pales, and break them, he shall have an action of trespass against them in this form quare vi et armis, thus:
“ If the prioress of T. shall make you secure, &c., then put, &c. E. &c., to shew wherefore, seeing that the same prioress ought to have a certain fold at F., together with the aforesaid E. and M. of B., and she the said prioress and her predecessors, from time out of mind, always hitherto have been accustomed to have such fold with the aforesaid E. and M. and their ancestors ; the aforesaid E. with force and arms broke the clays and pales of the said prioress, in the fold of the said prioress, E. and M., at the said town of F., lately erected, and placed, and hindered her the said prioress, so that she could not put her clays and pales in the fold aforesaid, as belongeth to her, or partake any profit of the said fold, and other, &c.”
This form shews the kind of writ which lies in trespass, by one tenant in common against another for an ouster. Our action to try title is trespass, and ought to shew the nature of the interest affected. One tenant in common might very well sue his co-tenant to answer to him in a plea, wherefore with force and arms he, the defendant, did oust him the plaintiff from the close or plantation, &c., whereof he, the said plaintiff, was seized with the defendant, in equal, undivided moieties, so that *431 he could not hare the possession of the same, according to his interest therein, and other wrongs and enormities, &c.
Such a writ, followed up by the proper declaration, plea by the defendant, and verdict for the plaintiff, would authorize the execution, as said in Saul and Dawson, so as to put the plaintiff in possession with the defendant. The error of the Court, with due deference be it said, is in adopting this mode of execution when the plaintiff, by his writ, claims the whole close against the defendant, and acknowledges no title to be in him.
Cases like that which we are considering are an innovation on the Common Law rule. At Common Law it was held that all tenants in common, joint tenants or co-parceners, must join against any stranger in possession. Com. Dig. Abatement, E. 2-8.
But in McFadden vs. Haley, 2 Bay, 457, this rule was modified, and it was held that one of several distributees sueing for the whole close against a stranger, may recover his undivided share. In that case, the Court says, “ that the sheriff cannot give possession of any particular part: it establishes the right of the party to a share, which, when divided and laid off, may be delivered to them.” This does not mean that the defendant is tenant in common with the plaintiff', and that his share is to be laid off in partition with him. It means directly the contrary, that the defendant is not entitled to the possession of the close against the plaintiff, and that he may have his undivided share laid off, with the others who may be entitled, with him. For remember, the plaintiff has asserted and established a hostile title, paramount to the defendant, and which he can never again set up. In Taylor & Young vs. Stockdale, 3 McC. 302, the plaintiffs were entitled to two-eighths and defendant to six-eighths, yet, in that case, as soon as the fact appeared of the tenancy in common, the plaintiffs were non-suited. Why? Because they had claimed the whole close against the defendant as a stranger. In Harmon vs. Gartman, Harp. 430, it was held that each tenant in common was entitled to possession: defendant, a tenant in common, having possession, *432 the tenant of the other enters and plants his close; defendant ploughed it up. and was held to be no trespasser. Why 1 Because it was his actual possession. Instead of ploughing it up, he might have sued in trespass, q. c. f. for breaking and entering his close, and relied upon his possession, and recovered.
Such a thing as a recovery of an undivided share of an entire close, claimed by the plaintiff in trespass to try title against the defendant, as a stranger, being considered as establishing a tenancy in common with the defendant, is a startling proposition; for I have always supposed that the verdict for the plaintiff, in such an action, was conclusive of the title of the plaintiff’ as paramount to that of the defendant. . The defendant cannot after it bring an action on it. For, as is said in Manigault vs. Deas, Bail. Eq. 293, it is a general rule, “that a direct final judgment of a Court of competent jurisdiction on the same subject matter between the same parties, and privies in laxo or estate, is conclusive, and cannot be examined in a subsequent original action in the same or any other Court.”
Let us now see how the defendant at law, l)orn, stands against the co-distributees of the plaintiffs, Beasley and wife. The recovery at law is produced, and it is shown that other persons are co-distributees of the plaintiffs, Beasley and wife. Can Dorn dispute their title? Certainly not: for it has been established against him by their privy in estate. A recovery by one co-distributee tenant in common, or joint tenant, against a trespasser, must be a recovery of the whole close, or our cases which declare the nonage of one of the distributees or tenants saves the others from the operation of the Statute of Limitations, are wrong. If the recovery reaches only the separate interest, then it can not be that minority could protect any one save the infant. Our Courts have always regarded all as so interested, that if one was entitled to recover, it secured to all the whole close. Thompson vs. Gaillard, 3 Rich. 322; Gourdin vs. Theus, 1 Brev. 326 ; Hill vs. Saunders, 4 Rich. 521.
So much has been deemed necessary to put this case right on the general doctrine. It now remains to consider -the specific *433 question : How ought the writ of habere facias possessionem to be executed ? I agree with Chancellor Dargan in the view expressed in his circuit decree. The writ ought to be executed by putting the defendant out, and putting the plaintiffs in possession. It is the only way in which the judgment of the Court can have effect. The plaintiffs have established a right to be possessed of an undivided share of every part of the close against the defendant as a stranger. How can this recovery be enforced 1 It must be by turning him out. If the record shewed he was a tenant in common, then it would be very true, that the plaintiffs must have possession with him. But that is his misfortune : by the record he. appears to be a mere trespasser. The case of Dupont vs. Ervin, 2 Brev. 400, settled the practice, that the execution of the hab.fac. poss. in just such a case as this, should be as I have already stated. I never knew it to be doubted, until the question was agitated in McCall vs. Campbell, in ’42 or ’43. Then, however, it was a mere doubt, expressed by my brethren Evans and Wardlaw. It was, however, then waived. Since then it has often been agitated, and has at last reached a decision in which, although I cannot concur, yet I am sure I shall rejoice if it be found, on trial, a wise and practical one.
Dargan, Ch., concurred.
In the Equity Court of Appeals the following judgment was then pronounced by
Johnston, Ch.
The judgment of the Court of Errors upon the points submitted to them having shewn the correctness of the order of injunction granted in this cause the 17th of February, 1853, and the incorrectness of the decree dismissing the bill, it is ordered that said decree be set aside ; that the said order be restored ; and that the case be remanded to the Circuit Court for hearing upon the points yet undetermined.
Dunkin, Dargan and Wardlaw, CC., concurred.